1  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
2  EMILY BORICH (*pro hac vice to be submitted*)
   eborich@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
4  Los Angeles, CA  90067
   Telephone: 310.282.2000
5  Facsimile: 310.282.2200

6  Attorneys for Defendant
   CENTRAL COAST COMMUNITY
7  ENERGY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3C ENGINEERING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL COAST COMMUNITY ENERGY, a business entity form unknown, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01395-SB (RAOx)<br><br>Assigned to Hon. Stanley Blumenfeld, Jr.<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT (F.R.C.P. 12(b)(1))**<br><br>Date: May 27, 2022<br>Time: 8:30 a.m.<br>Crtrm.: 6C |

## I. INTRODUCTION

Central Coast Community Energy ("CCCE"), respectfully submits this reply brief in further support of its motion to dismiss the Complaint of 3C Engineering, Inc. ("Plaintiff").

## II. ARGUMENT

Plaintiff's Complaint failed to identify CCCE as a Joint Powers Authority (a "JPA"), instead referring to the named defendant as "a business entity form unknown." CCCE then filed the pending Motion, explain that it is, in fact, a JPA that was formed <u>under California law in order to accomplish specific objectives identified by the State legislature</u>. CCCE's status as a JPA, formed in order to perform a critical state function, was publicly disclosed and available to Plaintiff prior to the filing of this lawsuit. Plaintiff's Opposition fails to explain why it failed to properly identify CCCE as a JPA before filing this action.[1] Plaintiff, nevertheless, argues that, now that it is aware that CCCE is a JPA, jurisdiction in this Court is still proper because Plaintiff argues that CCCE should not be entitled to the protections established by the Eleventh Amendment.

Plaintiff has alleged three causes of action, two of which are California state law claims. Plaintiff's two California state law claims are for unfair competition and common law trademark infringement. Plaintiff's sole federal claim is for unfair competition/false designation of origin under the Lanham Act, but that claim is redundant in that it contests the very same conduct as the pending state law claims. Plaintiff can therefore file the same substantive claims against CCCE in state court,

---

[1] Plaintiff falsely argues that: "Defendant has not requested judicial notice of its entity structure or any documents." Opp. at p. 3, n. 1. CCCE did ask that the Court take judicial notice of the public records attached to the Declaration of Robert Shaw (Doc. 13-1, p. 4 of 8) and continues to do so. Furthermore, Plaintiff itself has now acknowledged that CCCE is a JPA, and has additionally cited from, and quoted, the very JPA agreement that was submitted in connection with CCCE's Motion. CCCE's JPA agreement is the proper subject of judicial notice and, aside from incorrectly asserting that judicial notice was not requested, Plaintiff has failed to provide any objection to the admission of the JPA agreement, as to its relevance, authenticity, or otherwise.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22225534.1
238619-10001

1

REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO DISMISS

seeking injunctive relief and damages, and Plaintiff should do so, as it has not established federal court jurisdiction against CCCE.

Plaintiff's arguments as to why it believes CCCE should be afforded protection under the Eleventh Amendment are unavailing. As set forth below, approximately three months ago this Court dismissed a claim against a JPA after rejecting the plaintiff's arguments that the named defendant was "not an arm of the state." As set forth below, the relevant factors and considerations favor dismissal of this action, as it is undisputed that CCCE <u>is</u> an arm of the state, was formed specifically to perform functions deemed essential by the California legislature, performs central government functions, and has not agreed to be sued in federal court.

### A. This Court Recently Dismissed An Action Against A JPA After Finding That the Plaintiff Had Not Sufficiently Alleged Jurisdiction Over the JPA in Federal Court.

A few months ago, this Court, in *MAG US Lounge Mgmt., LLC v. Ontario Int'l Airport Auth.*, rejected the plaintiff's argument that the JPA defendant was not "an arm of the state." No. 21-CV-4909, 2022 U.S. Dist. LEXIS 33977, at *4 (C.D. Cal. Feb. 4, 2022). Like CCCE in this matter, the Court in *MAG* found that the JPA defendant was formed pursuant to California Government Code Section 6500, and performed a "central government function."

In its Opposition, Plaintiff attempts to distinguish *MAG,* arguing that the prior matter involved a question of diversity jurisdiction. However, the *MAG* court, while noting that there has been case law relaxing the Eleventh Amendment analysis in the diversity context, did not rely on that case law and, instead ruled that the defendant was a JPA performing a central government function and that Plaintiff had therefore failed to sufficiently establish jurisdiction as to that defendant.

Plaintiff's citation to *Brooks v. Sulphur Springs Valley Elec. Co-op.*, does not support its position in this matter. *See Brooks v. Sulphur Springs Valley Elec. Co-*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22225534.1
238619-10001

2

REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO DISMISS

*op.*, 951 F.2d 1050 (9th Cir. 1991). While the *Brooks* court employed the *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198 (9th Cir. 1988) factors, none of the facts of that case are similar to the pending lawsuit. The Brooks court held that one of the defendants, an Arizona "commission" was immune from suit in federal court, whereas another defendant was not. As Plaintiff concedes, the non-immune defendant in that matter, SSVEC, was an independent corporation "subject to regulation by another party that was deemed to be a State Agency." Opp. at p. 5. SSVEC was not a JPA, and unlike SSVEC, CCCE was formed under the California government code in order to directly perform essential state functions. As in *MAG*, CCCE is clearly an "arm of the state" carrying out state functions for the benefit of California residents. In *Brooks*, none of the *Mitchell* factors weighed in favor of SSVEC whereas here, as discussed below, they do.

Plaintiff also relies on *PNC Equip. Fin., LLC v. California Fairs Fin. Auth.*, No. V1106248MMMDTBX, 2012 WL 12506870, at *5 (C.D. Cal. Feb. 9, 2012) in addressing the issue of sovereign immunity as applied to joint powers authorities. Opp. at p. 4. In *PNC Equip.*, although the court ultimately denied defendants' motion, it did so without prejudice and acknowledged that, "defendants may at some later stage be able to adduce evidence demonstrating an entitlement to sovereign immunity under the *Mitchell* factors." *See PNC Equip. Fin.*, 2012 U.S. Dist. LEXIS 191132, at *15. Here, the facts – which Plaintiff obfuscated from the Court in filing its Complaint – show that the CCCE is a California JPA, is entitled to sovereign immunity and should not be subject to suit in federal court.

**B.     The Relevant Factors Favor Dismissal of CCCE Under The Eleventh Amendment.**

Courts in the Ninth Circuit evaluate the *Mitchell* factors in order to analyze whether a named defendant is an "arm of the state" that is entitled to immunity. Those factors include: "[1]whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22225534.1
238619-10001

3

REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO DISMISS

the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity." *Mitchell*, 861 F.2d at 201.

First, Plaintiff relies on *PNC* to argue that the first factor weights in its favor, but in that case, the defendant's Joint Powers Agreement specifically stated that "the debts, liabilities and obligations of [defendant] shall not constitute debts, liability or obligations of the State of California." *See PNC Equip. Fin.*, 2012 U.S. Dist. LEXIS 191132, at *15. Here, CCCE's JPA agreement has no such provision.

Plaintiff cites to the following provision in CCCE's Joint Exercise of Powers Agreement, but misleadingly omitted the bold, underlined heading:

> **CCA Program Costs.** The Parties desire that all costs incurred by the Authority that are directly or indirectly attributable to the provision of electric, conservation, efficiency, incentives, financing, or other services provided under the CCA Program, including but not limited to the establishment and maintenance of various reserves and performance funds and administrative, accounting, legal, consulting, and other similar costs, shall be recovered through charges to CCA customers receiving such electric services, or from revenues from grants or other third-party sources." (Doc. 13-4, p. 19 of 65).

Plaintiff's citation to this provision is clearly inapposite as this provision is related to general costs, and does not address whether a money judgment would be satisfied out of state funds.

Likewise, in *MAG,* the Court noted that, "[t]he two provisions to which Plaintiff points for support say nothing about whether state funds might be used to satisfy a money judgment against Defendant." *See MAG US Lounge Mgmt. LLC,* 2022 U.S. Dist. LEXIS 33977, at *5.

Second, CCCE performs central government functions as it is working to, *inter alia*, accelerate California's transition to clean power resources. Doc. 13-1, p. 3. As discussed in CCCE's moving brief, the court in *MAG* found that the JPA defendant in that case performed central government functions in facilitating transportation for California residents. Doc. 13-1, p. 7. Here, providing energy to California residents is likewise a central government function – and CCCE's

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22225534.1
238619-10001

4

REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO DISMISS

founding documents explain the specific state functions that CCCE is performing – including assisting, and accelerating, the State's planned transition to clean power resources.

Third, CCCE has not waived its immunity to be sued and there are no clear declarations to the contrary.  As the Supreme Court has explained, "[t]he decision to waive that immunity, however, is altogether voluntary on the part of the sovereignty. Accordingly,… the test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-67 (1999).  No waiver can be found merely because a state or protected state entity merely states "its intention to sue and be sued" or authorizes suits against it in any court of competent jurisdiction.  *Id.*, *see also See Oracle Am., Inc. v. Or. Health Ins. Exch. Corp.*, 145 F. Supp.3d 1018, 1020 (explaining the restrictions on finding waiver and noting that "the Supreme Court and the Ninth Circuit have held there cannot be any waiver of Eleventh Amendment immunity "by implication or by use of ambiguous language.").

The Fourth and Fifth factors involve whether the entity can acquire property in its own name and the corporate status of the defendant.  Here, although CCCE has the power, by virtue of the JPA agreement, to acquire property by eminent domain under certain circumstances, CCCE is neither a private nor a for-profit entity.  CCCE is a JPA created under the Joint Exercise of Powers Act of the State of California, Cal. Gov't Code § 6500.  Doc. 13-3, p. 2.  By statute, private companies cannot serve in its role.  More specifically, Cal. Gov't Code §6500 states, "As used in this article, "public agency" includes, but is not limited to, the federal government or any federal department or agency, this state, another state or any state department or agency, a county, county board of education, county superintendent of schools, city, public corporation, public district, regional transportation commission of this state or another state, a federally recognized

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22225534.1
238619-10001

5

REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO DISMISS

Indian tribe, or any joint powers authority formed pursuant to this article by any of these agencies."

Thus, CCCE is defined by California law to be a "public agency" and performs essential government functions for over one million California residents. It has not agreed to be sued in federal court, and it should not be subject to jurisdiction here, especially considering that Plaintiff's state-law claims are virtually identical in substance to its sole federal claim.

### III. CONCLUSION

CCCE respectfully requests that the Court enter an Order dismissing the Complaint and granting such other and further relief as this Court may deem just and proper.

Dated: May 11, 2022

LOEB & LOEB LLP
DAVID GROSSMAN

By: */s/ David Grossman*
David Grossman
Attorneys for Defendant
CENTRAL COAST COMMUNITY ENERGY

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22225534.1
238619-10001

6

REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO DISMISS