UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3C ENGINEERING, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>CENTRAL COAST COMMUNITY ENERGY et al.,<br><br>  Defendants. | Case No. 2:22-cv-01395-SB-RAO<br><br>ORDER GRANTING JOINT STIPULATION FOR MODIFICATION OF CASE MANAGEMENT ORDER [DKT. NO. 35] |

  The parties filed a joint stipulation to continue upcoming pretrial and trial deadlines. Dkt. No. 35. The parties have not demonstrated diligence in litigating this case. The Civil Standing Order states:

> The Case Management Order (CMO) that the parties will receive following the Mandatory Scheduling Conference (MSC) contains an attachment with information that must be submitted in table form in showing diligence. Diligence generally will *not* be found when a party opts for strategic staging of discovery (or other tasks) that prevent completion within the existing deadline. Moreover, a desire to engage in settlement discussions does not constitute good cause to extend existing deadlines. *The parties are strongly encouraged to agree to exchange initial disclosures promptly and to actively commence discovery before the MSC*.

Dkt No. 12, at 14 ¶ 10(b) (emphasis added).

  Following entry of the CMO (Dkt. No. 20), Defendant waited more than a month to serve interrogatories and requests for production. The parties waited almost two months to make their initial disclosures. Plaintiff waited three months to serve its interrogatories and requests for production. After Plaintiff raised its desire for a protective order to be entered prior to making certain document productions, the parties spent a month negotiating its contents before requesting mediation before Magistrate Judge Oliver. Judge Oliver entered the protective

order almost a month ago, and Plaintiff has *still* not completed its document production in response to Defendant's requests.  Next, Plaintiff ignored Defendant's request for the availability of Plaintiff's corporate representative for a deposition for a week and, following Defendant's service of a notice of deposition, waited almost two weeks to indicate the representative's unavailability.  Plaintiff anticipates noticing the depositions of Defendant's corporate designee and certain other defense witnesses, but has still not provided such notice.  The parties claim that the deposition of Defendant's corporate designee will be completed within 45 days—after their nonexpert discovery deadline of November 4, 2022.

The parties have not demonstrated good cause for a continuance, and the parties are warned that they are expected to be more diligent.  Nevertheless, the Court GRANTS the parties' stipulation in part and adopts as the case management deadlines the "New Dates" outlined in the table below.  The parties should not expect any further continuance.

| Event | Prior Dates | Current Dates | New Dates |
|---|---|---|---|
| **Trial** | None | 03/27/23 | 04/17/23 |
| **Pretrial Conf.** | None | 03/10/23 | 04/07/23 |
| **Motion to Amend Pleadings** | None | 07/29/22 | 07/29/22 |
| **Fact Discovery Cutoff** | None | 11/04/22 | 12/02/22 |
| **Expert Discovery Cutoff** | None | 12/02/22 | 12/02/22 |
| **Initial Expert Disclosure** | None | 10/21/22 | 10/28/22 |
| **Rebuttal Expert Disclosure** | None | 11/04/22 | 11/14/22 |
| **Discovery Motion Hearing Cutoff** | None | 12/02/22 | 01/06/23 |
| **Non-Discovery Motion Hearing Cutoff** | None | 12/16/22 | 01/27/23 |
| **Settlement Conf. Deadline** | None | 12/30/22 | 02/13/23 |
| **Post-Settle. Conf.** (Report due 7 days before) | None | 01/13/23 | 02/28/23 |
| **Trial Filings (1st Set)** | None | 02/10/23 | 03/10/23 |
| **Trial Filings (2nd Set)** | None | 02/24/23 | 03/24/23 |

IT IS SO ORDERED.

Date: October 19, 2022

                                                                                 _____
                                                                                 Stanley Blumenfeld, Jr.
                                                                                 United States District Judge